UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DAYAN L. HERNANDEZ

Plaintiff, and similarly situated
Individuals,

vs.

AMERICA SUNSHINE, LLC, d/b/a
INTIMA, a Florida corporation, and
SION TESONE, an Individual,

Defendants.

04-21705

/

## COMPLAINT

Plaintiff, DAYAN L. HERNANDEZ and similarly situated individuals (hereinafter "Plaintiff HERNANDEZ"), sues Defendants, AMERICA SUNSHINE, LLC d/b/a INTIMA, and SION TESONE, and states:

1.    Plaintiff brings this action under the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., (hereinafter "the Act") to recover unpaid back wages, and an additional equal amount as liquidated damages, reasonable attorneys' fees and costs.

2.    Jurisdiction of this action is conferred upon the court by section 16 (b) of the Act, 29 U.S.C. § 216 (b).

3.    All acts or omissions giving rise to this dispute took place in the Southern District of Florida.

### PARTIES

4.    Plaintiff HERNANDEZ is an individual, a resident of the Southern District of

Florida, and was an employee of Defendants from March 2002 until on or about March 3, 2004.

5. At all times material to this Complaint, Plaintiff was non-exempt from the overtime provisions of the Act.

6. Defendant AMERICA SUNSHINE is a Florida corporation doing business in Miami Dade County at all times relevant to this Complaint. Its principal place of business is in Miami-Dade County. Defendant AMERICA SUNSHINE is in the business of selling after-market auto body parts.

7. Defendant TESONE, is a resident of Miami-Dade County, Florida and was, and now is, owner/operator of Defendant AMERICA SUNSHINE

8. Defendants acted and act directly in the interests of each other Defendant in relation to their employees. Thus Defendants were employers within the meaning of Section 3(d) of the Act, 29 USC §203(d), at all times material to this Complaint.

9. Plaintiff was engaged in commerce or the production of goods for commerce within the meaning of Section 3(b) and (j), respectively, of the Act, 29 U.S.C. § 203(b) and (j), while working for Defendants and at all times material to this Complaint.

10. By reason of the foregoing, Defendants were during all times hereinafter mentioned, each enterprises engaged in commerce or in the production of goods for commerce as defined in Section 3(r) of the Act, 29 U.S.C. § 203(r) and 203(s).

11. Plaintiff consent to being a party-plaintiff in a collective action. (Exh. A).

## FACTUAL ALLEGATIONS

12. Plaintiff HERNANDEZ was employed by Defendants from March of 2002 through

2

on or about March 3, 2004.

13. Plaintiff HERNANDEZ initially worked in customer service and later served as an assistant to the President of the corporate Defendant.

14. Plaintiff was initially paid on an hourly basis. Defendants started paying Plaintiff a salary starting in or about January 2004.

15. Plaintiff and similarly situated individuals often worked more than forty hours per week but was never paid at a rate of one and one half times her regular rate of pay for those hours worked in excess of forty hours in a workweek.

### COUNT I -- VIOLATION OF FAIR LABOR STANDARDS ACT
(FAILURE TO PAY OVERTIME WAGES)

16. Plaintiff re-alleges paragraphs 1 through 15 as if fully set forth herein.

17. Federal law, 29 U.S.C. §207(a)(1), states that "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at a rate of at least one and a half times the employee's regular rate."

18. At all times relevant to the filing of this Complaint, Defendants willfully employed Plaintiff and similarly situated individuals in the aforesaid enterprises, in commerce or in the production of goods for commerce, or employees handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce as described above, for many workweeks longer than 40 hours, and failed and refused to compensate Plaintiff and similarly situated individuals for such work in excess of 40 hours at rates not less than one and one-half times the regular rates at which she was employed, contrary to the provisions of Section 7(a) of the Act, 29 USC § 207(a).

3

19. Defendants are employers under the Act.

20. Defendants willfully and intentionally failed to pay Plaintiff and similarly situated individuals the statutory overtime rate as required by the laws of the United States as set forth above and remains owing her back wages.

21. As a result of the under payments of wages alleged above, Defendants are indebted to Plaintiff and similarly situated individuals in the amount of the unpaid overtime compensation. Plaintiff proposes to obtain the necessary records and information to determine the amount of the underpayment to the Plaintiff and similarly situated individuals by appropriate discovery proceedings to be promptly taken in this cause.

**WHEREFORE**, Plaintiff and similarly situated individuals demands judgments awarding her and similarly situated individuals all such legal and/or equitable relief that will effectuate the purpose of the Act including but not limited to back pay and prejudgment interest, liquidated damages, reasonable attorney fees, pursuant to the Act, 29 U.S.C. § 216 (b), along with court costs, witness fees and other miscellaneous costs of the litigation, and any other relief that this court finds will reasonable under the circumstances. Plaintiff also requests retrospective and prospective injunctive relief pursuant to 29 U.S.C § 217 requiring Defendants to pay overtime compensation owed to Plaintiff and similarly situated individuals and an Order prohibiting Defendants from violating the FLSA in the future.

## DEMAND FOR JURY TRIAL.

Plaintiff demands trial by jury on all issues so triable.

Respectfully submitted,

_____
Gary A. Costales, Esq.
Florida Bar No. 0948829

Law Office of Gary A. Costales, P.A.
1401 Brickell Avenue, Suite 825
Miami, Florida 33131
(305) 779-8102
(305) 373-2735 (facsimile)
costalesgary@hotmail.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

DAYAN L. HERNANDEZ

    Plaintiff,

vs.

AMERICA SUNSHINE, LLC, d/b/a
INTIMA, a Florida corporation, and
SION TESONE, an Individual,

    Defendants.
_____/

## CONSENT TO BECOME PARTY PLAINTIFF IN A COLLECTIVE ACTION UNDER 16(b) OF THE FAIR LABOR STANDARDS ACT, 29 USC § 216(b)

I, DAYAN L. HERNANDEZ, the undersigned, am a former employee of AMERICA SUNSHINE, LLC, and SION TESONE, and I hereby consent to become a party Plaintiff in the above lawsuit.

Pursuant to 28 U.S.C. § 1746, I declare, under penalty of perjury that the foregoing is true and correct.

This 22nd day of May 2004.

                            *[signature]*
                            DAYAN L. HERNANDEZ

EXHIBIT A

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**04-21705**

## I. (a) PLAINTIFFS
Dayan L. Hernandez

## DEFENDANTS
America Sunshine, LLC, d/b/a Intima, a Florida Corporation, and Sion Tesone, an Individual

(b) County of Residence of First Listed Plaintiff: **Miami-Dade** (EXCEPT IN U.S. PLAINTIFF CASES)

County of Residence of First Listed Defendant: **Miami-Dade** (IN U.S. PLAINTIFF CASES ONLY)

**CIV-MOORE**

04CV21705-Moore/O'Sullivan

(c) Attorney's (Firm Name, Address, and Telephone Number):
Gary A. Costales, P.A.
1401 Brickell Avenue, Suite 815
Miami, Florida 33131

Attorneys (If Known):

(d) CIRCLE COUNTY WHERE ACTION AROSE: **(DADE)**, MONROE, BROWARD, PALM BEACH, MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE, HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)
- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question (U.S. Government Not a Party)
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (For Diversity Cases Only)

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [x] Original Proceeding

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

A LABOR — [x] 710

## VI. CAUSE OF ACTION
Action for Recovery of overtime wages pursuant to FLSA 201 et seq

## VII. REQUESTED IN COMPLAINT:
JURY DEMAND: [x] YES

DATE: 7/9/04

FOR OFFICE USE ONLY
404245   152.—